IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ELLIOTT WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-438 |
| WARDEN PETE COFFIN, ET AL. | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

Plaintiff Elliot Williams, an inmate previously confined at the Oliver J. Bell Unit, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Warden Pete Coffin, Lieutenant Tiffany Brooks, Sergeant Williams, Major Harvey, Officer Guidry, Officer Kitts, Ms. Walker, Captain Holms, and unidentified Defendants.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Analysis

Plaintiff moved for default judgment against the defendants. Federal Rule of Civil Procedure 55 authorizes the entry of a default judgment against a party against whom a judgment for affirmative relief is sought when such party fails to plead or otherwise respond to the action. A necessary prerequisite to the entry of a default judgment is that the party against whom such a judgment is sought must have been served with process compelling the party to plead or otherwise respond to the action.

On November 28, 2022, an order was entered requiring Defendants to file an answer or a responsive pleading within forty days. To facilitate the handling of prisoner suits filed in this

district, the Office of the Attorney General of Texas voluntarily receives prisoner lawsuits filed against employees of TDCJ-CID. Thus, the order was directed to the Office of the Attorney General, not to the defendants. The Office of the Attorney General subsequently notified the Court that the Bell Unit is a private prison owned and operated by the Management and Training Corporation (MTC), and the defendants are employees of MTC. Because the defendants are not employed by the Texas Department of Criminal Justice, the Texas Attorney General does not have authority to represent the defendants and cannot enter an appearance or file responsive pleadings on their behalf.

The defendants have not been served with process. Therefore, the motions for default judgment should be denied.

## Recommendation

Plaintiff's motions for default judgment should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 31st day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge